Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction (Plaintiff has used as template a Court Provided Form)

FILED
2021 OCT 15 PM 2: 58
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

# UNITED STATES DISTRICT COURT
for the
Western District of Texas
Austin Division

| | |
|---|---|
| Francisco Serna ) | Case No. 1:21CV0939 LY |
| Ajhalei Snoddy ) | |
| -v- ) | |
| City of Colorado Springs ) | |
| El Paso County ) | |
| State of Colorado ) | |
| Federal Highway Agency ) | |
| Colorado Department of Transportation ) | |
| "El Paso County" Local Agency ) | |
| El Paso County Commissioners ) | |

## Complaint and Request for Injunction

## I. The Parties to This Complaint

### A. The Plaintiffs

Francisco Serna
10107 FM 969
Austin, TX 78724
austinfarmer11@gmail.com
737-247-1474

1

Ajhalei Snoddy
10107 FM 969
Austin, TX 78724
ajhei1d@gmail.com
737-465-3436

**B. The Defendants**

City of Colorado Springs
    30 S. Nevada, Suite 501
    Colorado Springs, CO 80903
    (719) 385-5909

Federal Highway Agency (FHWA)
    1200 New Jersey Ave., SE
    Washington, DC 20590

State of Colorado (service via attorney general)
    1300 BROADWAY, 10th Floor
    Denver, CO 802013
    720-508-6000

Governor Polis
    State Capitol Building
    200 E. Colfax Ave., Rm. 136
    Denver, CO 80203
    Governorpolis@state.co.us

El Paso County
El Paso County Board Members
    [El Paso County Attorney Ms. May has requested a service waiver via email]

"Local Agency" Responsible Party Jennifer Irvine:
    Jennifer Irvine, P.E.
    El Paso County Public Services Dept 3275 Akers Drive
    Colorado Springs, Colorado 80922
    7 19-520-6898

CDOT Contractual Representative:

    Dave Watt, P.E. CDOT Region 2
    1480 Quail Lake Loop Suite A
    Colorado Springs, Colorado 80906
    719-227-3202

2

> City of Colorado Springs Council Members
> 30 S. Nevada, Suite 501
> Colorado Springs, CO 80903
>
> Colorado Springs Mayor Suthers
> 30 S. Nevada, Suite 501
> Colorado Springs, CO 80903

## II. Basis for Jurisdiction

Federal Question: Uniform Relocation Assistance and Real Property Acquisition Act (1970)

## III. Statement of Claim

### A. Where did the events giving rise to your claims occur?

The events giving rise to our claim involve the displacement of our family's dwelling from Colorado Springs, Colorado to its current location in Austin, Texas.

El Paso County, the City of Manitou Springs, and the City of Colorado Springs utilized our family's dwelling to complete improvements known as the West Side Avenue Action Project (WAAP). The Project took immediate possession of our home on October 23, 2017 with an immediate possession order (Exhibit A). Our negotiation efforts with the City of Colorado Springs regarding their need for our property reached an impasse because our family wanted to be given land swap options that would not displace us from the community. The City was unwilling (Exhibit B, numerous negotiation emails). We did not know at the time we had rights to a replacement dwelling under the Uniform Relocation Assistance and Real Property Acquisition Act (1970). We just learned of our rights.

Shortly before the valuation trial, the City of Colorado Springs motioned to dispose of our case and the Judge granted. The appellate tribunal found the denial of a valuation trial to be an abuse

of discretion. They remanded. While awaiting our status conference, we learned that the WAAP project was federally funded and that we are entitled to a replacement dwelling under the Uniform Relocation Assistance and Real Property Acquisition Act (1970).

Our family asserts that injury extends from Colorado Springs, Colorado to Austin, Texas. We were displaced to Texas after the WAAP project took our home. Our injury involves the wrongful displacement of our dwelling and extends from Colorado Springs to Austin.

### B. What date and approximate time?

Our attempts to negotiate with the City of Colorado Springs extends back to 2016 when our efforts to communicate with Mayor Suthers, Councilman Merv Bennet, and various other Council people and El Paso County employees did not produce results (Exhibit B Emails). The City of Colorado Springs took immediate possession of our property in October 2017. In January of 2019 Colorado State Court disposed of our case without a valuation trial based on a non-timely summary judgment motion. The appellate court found this to be an abuse of discretion and remanded. Last week, while awaiting a status conference, we became aware the City disregarded their duties under the Uniform Act to provide us replacement dwelling options. We have been displaced and in litigation for four years. We are just learning that we have Federal Rights.

### C. What are the facts?

Our family was displaced from our previous dwelling in Colorado Springs, Colorado to our current dwelling in Austin, Texas. We just learned that this act of displacement was a violation

4

of our Federal Rights under the Uniform Relocation Assistance and Real Property Acquisition Act (1970).

Our family owns a home in Colorado Springs as reflected in the address of my driver's license and my daughter's driver's license (Exhibit C). Our family's dwelling (Exhibit D) has many unique features including frontage on Fountain Creek--a creek with ancient heritage; clean water from ice melting off of Pikes Peak; walkability to Manitou Springs and Garden of the Gods park; trail frontage; historical character; placement in the center of the business corridor with access to a free shuttle during three months of the year. Our home is paradise by most standards--our family's piece of the American Dream.

Forest fires coupled to subsequent flooding and erosion issues on the mountain led a conglomerate of actors including El Paso County, Manitou Springs, Colorado Springs, to undertake infrastructure work that has affected our family's property.

We made diligent efforts to work with the City (Exhibit B: Emails to Mayor, Acquisition Agent, City Council, Commissioner, Real Estate Division) for a "land swap" option that would not displace us but the City was unwilling despite having recently engaged in a similar transaction with the Broadmoor Hotel. An acquisitions agent for the City made it clear that an "alternative acquisition procedure is not an option":

> You brought up the question of an alternative acquisition of your parcel or the process during our November 23, 2016 online meeting with the Project Engineer Steve Murray of FHU and City Engineering Manager Mike Chaves, they explained a partial acquisition of your property is not possible and **an alternative acquisition procedure is not an option.**

> You reference the May 2016 City Council meeting on a couple of correspondence quite simply that acquisition was not and is not similar to this West Colorado Avenue Project. An association of the two would not be one and the same.

Exhibit B, Jeff Perret Email

Only days ago our family learned that we have rights to negotiation procedures that include the right to be offered "at least one comparable replacement dwelling":

> (a) General. No person to be displaced shall be required to move from his or her dwelling unless at least one comparable replacement dwelling (defined at § 24.2 (a)(6)) has been made available to the person. When possible, three or more comparable replacement dwellings shall be made available. A comparable replacement dwelling will be considered to have been made available to a person, if: . . .

49 CFR § 24.204

We have learned that the Uniform Act requires the City of Colorado Springs complete numerous procedural obligations before initiating the Taking's Action we have been defending for four years. As noted above, the Uniform Act defines statutory acquisition procedures that include offering at least one "comparable dwelling". The Uniform Relocation Assistance and Real Property Acquisition Act (1970) further requires "Replacement housing of last resort" be explored including the options of "(iii) The construction of a new replacement dwelling." or "(vi) The purchase of land and/or a replacement dwelling by the displacing Agency . . ." (49 CFR § 24.204(c)(1)(iii),(vi)).

**Relief**

The Uniform Act imposes on the City of Colorado Springs the obligation to take "corrective action" required for "compliance":

> (b) Monitoring and corrective action. The Federal Agency will monitor compliance with this part, and the **State Agency shall take whatever corrective action is necessary to comply with the Uniform Act** and this part. The Federal Agency may also apply **sanctions** in accordance with applicable program regulations.

49 CFR § 24.4 (b)

The corrective action required is dismissal with prejudice of lawsuit 2017CV31927. The City has been prosecuting this lawsuit against our family with a disregard to our federal rights. The Uniform Act should have protected us from displacement before the project took our home. Immediate dismissal of the City's action is the first step to bringing our family justice after enduring four years of wrongful prosecution. The consequence for not taking the necessary corrective action for compliance is sanctions from the Federal Highway Agency (FHWA), who is also a Defendant.

Under the Uniform Act the City is a State Agency, which is defined as "any person who has the authority to acquire property by eminent domain under State law." 49 CFR § 24.2 (iv). The City of Colorado Springs, a Municipal Corporation, is a state agency and subgrantee required to take corrective action under both the Uniform Act and the terms of their federal funding contract:

> Any acquisition/relocation activities must comply with: all applicable federal and state statutes and regulations, including but not limited to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 as amended (P.L. 9 1-646)

Exhibit E, (2012-01-31, Contract FSMLAWRK, Section 7 ROW, P. 10)

Certification of compliance is done through procedures that require approval from the governor of the state:

> The completed application for certification must be approved by the governor of the State, or the governor's designee, and must be coordinated with the Federal funding Agency, in accordance with application procedures.

49 CFR § 24.602

Our family requests Westside Avenue Action Project certification documents from Defendants.

We also request reimbursement of attorney fees accumulated while defending the City's improper condemnation action. The City wrongfully displaced us from our home through this

7

lawsuit--disregarding their Federal duties to provide our family a comparable dwelling. We are therefore entitled to reimbursement of our attorney fees under Colorado State Law:

> (1) If the court finds that a petitioner is not authorized by law to acquire real property or interests therein sought in a condemnation proceeding, it shall award reasonable attorney fees, in addition to any other costs assessed, to the property owner who participated in the proceedings.

Colorado Revised Statutes 38-1-122

Our attorney fees exceeded the amount dispersed to us by $5607. We dismissed our attorneys due to fear of mounting losses.

We request the enforcement of our rights. The City of Colorado Springs received federal funding but disregarded concomitant duties to our family.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with requirements of Rule 11.

10/15/2021
Date of signing

Francisco Serna

10·15·21
Date of signing

Ajhalei Snoddy

**Exhibit Affirmation**

I, Francisco Serna, affirm on personal knowledge and under penalty of perjury that all the exhibits in this Complaint and Request for Injunction are what they purport to be and are true.

//Francisco Serna

10/15/2021

**Exhibits**

A: Immediate Possession Order

B: Negotiation Emails

    Mayor Suthers of City of Colorado Springs

    Jeff Perret, Acquisitions Agent

    Merv Bennet

    Stand Vanderwerf, Commissioner (not printed due to length)

    El Paso County Real Estate Services

C: Photos of property

D: Drivers License

E: Federal Funds Documents

STATE OF Texas
COUNTY OF Travis

Sworn to (or affirmed) and subscribed before me this 15 day of October 2021, by Francisco Serna

Notary Public's Signature — Notary Name (Chirag Patel)
My Commission Expires on 01/18/2023

9