# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCISCO SERNA, AJHALEI SNODDY,<br>*Plaintiffs*<br><br>v.<br><br>CITY OF COLORADO SPRINGS, FEDERAL HIGHWAY AGENCY (FHWA), STATE OF COLORADO, GOVERNOR POLIS, EL PASO COUNTY LOCAL AGENCY, EL PASO COUNTY BOARD MEMBERS, COLORADO DEPARTMENT OF TRANSPORTATION, CITY OF COLORADO SPRINGS COUNCIL MEMBERS, COLORADO SPRINGS MAYOR SUTHERS, EL PASO COUNTY,<br>*Defendants* | § § § § § § § § § § § § § § § § § § § § § § | No. A-21-CV-00939-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Colorado Department of Transportation's Motion to Dismiss Plaintiffs' Complaint, Dkt. 9; Federal Highway Administration's Motion to Dismiss, Dkt. 17; Defendants El Paso and El Paso County Commissioners' Opposed Motion to Dismiss Amended Complaint or, in the Alternative, for Change of Venue, Dkt. 19; Defendant City of Colorado Springs' Motion to Dismiss or, in the Alternative, to Transfer Venue, Dkt. 27; Defendant Jennifer Irvine's Opposed Motion

1

to Dismiss Amended Complaint or, in the Alternative, for Change of Venue, Dkt. 31; the State of Colorado's and the Governor's Rule 12(b)(1), (2), (3) and (6), Dkt. 32; and all related briefing. Additionally, Plaintiffs, who are proceeding pro se, have filed a Motion to Strike, Dkt. 18, a Motion for More Definite Statement, Dkt. 20, another Motion to Strike, Dkt. 40, along with all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.    BACKGROUND

Defendants City of Colorado Springs, El Paso County, State of Colorado, Federal Highway Agency, Colorado Department of Transportation, El Paso County "Local Agency," and El Paso County Commissioners[1] separately move to dismiss Plaintiffs Francisco Serna and Ajhalei Snoddy's Amended Complaint, Dkt. 14, asserting lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). Alternatively, some of the Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a).

Plaintiffs' claims arise from the City of Colorado Springs, Colorado's acquisition of their real property through an eminent domain proceeding in the Colorado state court case *City of Colorado Springs v. Francisco Serna, et al.*, Case Number 2017-CV-31927. The City acquired the real property from Plaintiffs for a

---

[1] Defendant Jennifer Irvine also moves to dismiss, Dkt. 31, arguing that the Plaintiffs' Amended Complaint failed to include her as a party. As Irvine is not a party to the cause of action, she need not be dismissed from it; however, the reasoning in this Report and Recommendation applies to any claims against her.

public works project, the Westside Avenue Action Plan. The state court granted the City immediate possession of the real property in October 2017. Dkt. 9-3. That action remains pending.

In a convoluted 28-page Amended Complaint, Dkt. 14, Plaintiffs, who have since moved to Austin, Texas, now assert that they are owed benefits under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (URA), as amended, 42 U.S.C. § 4601, *et seq*. They ask this Court to enter a declaratory judgment finding that they "were displaced 'in relation to a federal-aid project,'" that when acquiring Plaintiffs' property, compliance with the URA was required, and that URA "obligations include statutory negotiations [sic] procedures not performed by project collaborators, such as the use of a review appraiser … as well as federally compliant notice of displacement rights …." Dkt. 14, at 4, 28.  In addition to the declaratory judgment claim, Plaintiffs' Amended Complaint appears to assert a procedural due process claim against various entities based on the alleged failure to follow URA property acquisition guidelines, including using a review appraiser. Dkt. 14 at 1, 4.  In Plaintiffs' Motion to Strike, Plaintiffs assert that they are claiming violations of their "constitutional due process and property rights under the fourteenth and fifth amendment." Additionally, Plaintiffs ask this Court to enjoin the pending Colorado eminent domain proceedings. Dkt. 14, at 22-23.

Plaintiffs have already asserted the alleged URA violation in the Colorado State Court Action and which Defendants removed to the United States District Court for the District of Colorado in case number 21-cv-03444-DDD-SKC.

## II.      LEGAL STANDARDS

### A.      12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B.      12(b)(2)

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories,

4

depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a prima facie case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

### C.     12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3).  Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue. *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). Where there is no evidentiary hearing, a plaintiff may carry her burden by presenting facts that, taken as true, would establish venue, and the court must resolve any factual conflicts in favor of the plaintiff. *Braspetro Oil Servs., Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). In determining whether venue is proper, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the

5

plaintiff." *Id.* However, courts may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). When it is determined a case is filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. *See* 28 U.S.C. § 1406(a).

## III.   DISCUSSION

### A.   URA Claims Fail as Basis for Subject Matter Jurisdiction

Plaintiffs sue various state and local government Defendants[2] located in Colorado, along with the Federal Highway Administration, alleging violations of the URA. The Federal Highway Administration, along with other Defendants, move to dismiss asserting that the federal court lacks subject matter jurisdiction over Plaintiffs' URA claims.  Dkt. 17, 19, 27, 31, and 32.

The URA is intended to "establish[ ] a uniform policy for the fair and equitable treatment of persons displaced as a direct result of programs or projects undertaken

---

[2] The docket sheet shows that summons was issued to the City of Colorado Springs, Colorado; City of Colorado Springs Council Members; Colorado Department of Transportation; Colorado Springs Mayor Suthers; El Paso County Board Members; El Paso County Local Agency; Governor Polis, State of Colorado. The undersigned collectively calls this group the "Colorado Defendants." Jennifer Irvine waived service but was not named in Plaintiffs' Amended Complaint, but nonetheless moves to dismiss the claims against her. Mayor Ed Suthers is also not named in Plaintiffs' Amended Complaint. The municipality of Manitou Springs, Colorado has not been served but is named as a party in Plaintiffs' Amended Complaint. Dkt. 14, at 4. Similarly, Dave Watts is named as a party in Plaintiffs' Amended Complaint, has not been served, but moves to dismiss any claims against him. The jurisdictional, venue, and transfer analysis in the Report and Recommendation applies to the unserved and unnamed parties along with the other "Colorado Defendants."

by a Federal agency or with Federal financial assistance." 42 U.S.C. § 4621(b). The URA's primary purpose is to "ensure that such persons shall not suffer disproportionate injuries as a result of programs and projects designed for the benefit of the public as a whole and to minimize the hardship of displacement on such persons." *Id.* The URA does not afford landowners and lessees a right to a due process hearing prior to the taking of their property through condemnation. *U.S. v. 131.68 Acres of Land, More or Less, Situated in St. James Parish, State of La.*, 695 F.2d 872, 876 (5th Cir. 1983). And a failure to comply with the URA is not a defense to a condemnation action. *See* 42 U.S.C. § 4602(a) ("The provisions of section 4651 of this title creates no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation.").

Plaintiffs' claims against Defendants fail because the URA does not provide a private federal right of action for monetary damages or other relief. *See* 42 U.S.C. § 4602; *Delancey v. City of Austin*, 570 F.3d 590, 592 (5th Cir. 2009) ("Applying the analysis announced by the Supreme Court in *Gonzaga* [*Univ. v. Doe*, 536 U.S. 273, 286 (2002)] ..., we hold that the URA does not provide a private right of action for monetary damages"); *Munoz v. City of Philadelphia*, 346 F. App'x 766, 769 n.6 (3d Cir. 2009) (unpublished) ("We highly doubt whether, in light of *Gonzaga* ..., [the URA] does create a private right enforceable under § 1983."); *Alamo Aircraft Ltd. v. City of San Antonio*, No. 5:15-cv-00784, 2016 WL 5720860, at * 2 (W.D. Tex. Sept. 30, 2016); *Clear Sky Car Wash, LLC v. City of Chesapeake, Va.*, 910 F. Supp. 2d 861, 878 (E.D. Va. 2012) (URA's relocation benefits are not enforceable in a federal right of action).

Because the lack of a private right of action precludes the existence of federal question subject matter jurisdiction, Plaintiffs' claims suffer from this jurisdictional defect and are subject to dismissal. *Kurtz v. U.S.*, 798 F. Supp. 2d 285, 289 (D.D.C. 2011); *Rizvi v. JP Chase Bank*, No. 13-3339, 2014 WL 12595656, at *3 (N.D. Tex. Apr. 9, 2014); *Mangano v. Camhriere*, No. 04-4980, 2007 WL 2846418, at *1 (S.D.N.Y. Sept. 7, 2007). Accordingly, the undersigned finds that Plaintiffs' URA claims are properly dismissed for lack of jurisdiction. *See Gonzaga*, 536 U.S. at 286.

**B.    Declaratory Judgment Act Not a Basis for Federal Jurisdiction**

Plaintiffs seek a declaration that they "were displaced 'in relation to a federal-aid project'" and, thus, that they are entitled to benefits and certain procedures under the URA. Dkt. 14, at 4, 27-28. "[T]he Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001). The power to issue a declaratory judgment must lie in some independent basis of jurisdiction. *See id.* (affirming dismissal of declaratory judgment action where underlying federal statute did not create an independent cause of action). Since the undersigned has found that the URA does not confer subject matter jurisdiction over Plaintiffs' claims, it cannot serve as a basis for Plaintiffs' declaratory judgment claim. Accordingly, the undersigned finds that Plaintiffs' declaratory judgment claim fails pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## C. Claims Against Federal Highway Administration Fail Based on Sovereign Immunity

To the extent Plaintiffs may argue that they are asserting other constitutional claims against federal entities, these claims also fail. *See* Dkt. 17. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Because sovereign immunity is jurisdictional in nature, Congress's waiver of it must be unequivocally expressed in statutory text and will not be implied." *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 316 (5th Cir. 2009) (citations and internal quotation marks omitted). It is the plaintiffs' burden to demonstrate "Congress's unequivocal waiver of sovereign immunity." *Id.* at 315.

The undersigned presumes that Plaintiffs seek to bring some of their claims pursuant to a *Bivens* action, as the accusations are asserted against the Federal Highway Administration under the Fifth Amendment and for violations of the Due Process Clause. *See Mauro v. Freeland*, 735 F. Supp. 2d 607, 614 (S.D. Tex. 2009).

Without the consent of the Federal Highway Administration or a waiver of its immunity, however, the undersigned cannot find that Plaintiffs have established subject matter jurisdiction over their constitutional claims. Federal agencies, like the Federal Highway Administration, are shielded from suit by sovereign immunity to the same extent as the federal government. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Similarly, a *Bivens* action may not be brought against the federal government or its agencies, because it only permits a cause of action against government officials in

9

their individual capacities. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). The Plaintiffs' pleadings only name the Federal Highway Administration and are bereft of any allegations against federal officials in their individual capacities. Plaintiffs have failed to meet their burden to demonstrate a waiver of sovereign immunity. Accordingly, they cannot bring claims against the Federal Highway Administration.

Moreover, Plaintiffs cannot assert a constitutional due process right to have a federal agency supervise a state agency. Any due process rights arise through the processes of the Administrative Procedures Act (APA), and Plaintiffs have failed to avail themselves of this Act. *See, e.g., Supreme Oil Co. v. Metro. Transp. Auth.*, 157 F.3d 148, 151 (2d Cir. 1998); *Ackerley Commc'ns of Fla., Inc. v. Henderson*, 881 F.2d 990, 991 (11th Cir. 1989) (Congress intended agency decisions under the URA be reviewed under Section 706 of the APA). Additionally, Plaintiffs cannot assert a Fifth Amendment takings claim against the United States as they concede that the seizure of their property was done by state actors. Plaintiffs did not assert a claim under the APA and have not established a valid constitutional claim. Accordingly, the undersigned additionally finds that Plaintiffs do not have standing to bring constitutional claims against the Federal Highway Administration, and their claims against it are properly dismissed on this additional basis.

10

**D.**     **Lack of Personal Jurisdiction Over the Colorado Defendants**

The Colorado Defendants move to dismiss arguing that the Western District of Texas lacks personal jurisdiction over them. Dkt. 9, 19, 27, 31, and 32. The undersigned agrees.

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court must establish whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

It is undisputed that the Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990). The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Plaintiffs have failed to establish how the Colorado Defendants, all Colorado local or state governmental entities or employees of those entities, have continuous and systematic contacts with the State of Texas. Plaintiffs therefore cannot establish general jurisdiction over the various Colorado Defendants.

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.* In this case, the only contact the Colorado Defendants have with Texas is the fact that Plaintiffs moved to Texas after the Colorado condemnation

proceedings. This is an insufficient basis to establish personal jurisdiction over the Colorado Defendants. Plaintiffs' claims should be dismissed on this additional basis.

### E.     Venue is Improper

Alternatively, the undersigned finds Plaintiffs' cause of action should be dismissed for improper venue.  Dkt. 19, 27, 31,32.

When a party challenges venue, the court must determine whether the plaintiff brought the action in a district outlined in one of 28 U.S.C. § 1391(b)'s three categories: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) a district within the "fallback option." *Atl. Marine Const. Co. v. U.S. Dist. Ct. W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). This fallback option is triggered "if there is no district in which an action may otherwise be brought as provided in this section" and allows "any judicial district in which any defendant is subject to the court's personal jurisdiction" to be considered a proper venue. 28 U.S.C. § 1391(b)(3).

If the plaintiff can establish the action falls into one of these categories, venue is proper in that district; if the plaintiff cannot, venue is improper in that district, and the Court must dismiss the case or transfer it pursuant to § 1406(a) or § 1404(a), respectively. *Id.*

Plaintiffs have made no effort to demonstrate that any of these statutory preconditions of venue are met with respect to the Western District of Texas;

moreover, the statutory preconditions are not satisfied in this case. First, none of the Defendants are residents of Texas. 28 U.S.C. § 1391(b)(1). Defendants include many Colorado government entities with no ties to Texas. *See* Dkts. 9, 19, 27, 31, 32.

Second, a substantial part of the events or omissions giving rise to this action did not occur in Texas. 28 U.S.C. § 1391(b)(2). This action arose out of an eminent domain action filed by the City of Colorado Springs in Colorado state court to acquire real property that is located in Colorado Springs, Colorado, for a public works project in Colorado Springs, Manitou Springs, and El Paso County, Colorado. Dkt. 9-2. Plaintiffs contend that the City violated the URA by allegedly failing to follow URA pre-acquisition procedures before taking possession of their Colorado Springs property. Dkt. 1, at 4, 28. The only event connecting this action to Texas is Plaintiffs' allegation that when they left Colorado Springs, they chose to come to Texas. Dkt. 1, at 3. No substantial part of the events giving rise to this action occurred in Texas.

Third, the real property that the City is acquiring from Plaintiffs and from which Plaintiffs purportedly were displaced is not situated in Texas. 28 U.S.C. § 1391(b)(2). It is located in Colorado Springs, Colorado. Dkt. 1, at 3. None of the federal venue statute's criteria for proceeding in this Court is satisfied. This case should be dismissed on the additional basis of improper venue.

## F.    Motion to Transfer Venue

Alternatively, Defendants move to transfer venue to the United States Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). Dkts. 19, 27, 31, and 32. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The parties do not dispute that this cause of action could have been brought in Colorado federal court.

In evaluating a motion to transfer pursuant to § 1404(a), the undersigned considers the Fifth Circuit's non-exhaustive list of private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private interest factors include: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors include: (1) "the administrative difficulties flowing from court congestion"; (2) "the local interest in having localized interests decided at home"; (3) "the familiarity of the forum with the law that will govern the case"; and (4) "the avoidance of unnecessary problems of conflict of laws." *Id.*

This case involves the condemnation of real property located in Colorado, and ongoing judicial proceedings in state and federal Colorado courts. All the witnesses, with the exception of Plaintiffs, are located in Colorado, as well as any other evidence and sources of proof. The case implicates Colorado law and Colorado parties. Having considered the public and private interest factors, and having found venue is improper in the Western District of Texas, the undersigned finds that, alternatively the District Court should grant the motions to transfer venue.

### G.    Plaintiffs' Additional Motions

Plaintiffs move to strike the "Defenses of Mr. Watts, or as an Alternative, Motion for More Definite Statement." Dkt. 18. In their motion, Plaintiffs move to strike any defenses by Dave Watts, P.E., who is an engineer employed by the Colorado Department of Transportation and has not been served in this cause of action. Specifically, Plaintiffs allege that they are not making any state law claims, and that all of their claims are based upon "federal constitutional" law. Dkt 18, at 1. The undersigned finds this motion should be **DENIED** as Watts is not a party to this case, and, that CDOT included him in its Motion to Dismiss in an abundance of caution. As CDOT explains, "This Motion also includes arguments regarding the dismissal of Mr. Watts from this action in the event Plaintiffs intended to name Mr. Watts as a Defendant in addition to CDOT. As of the filing of this Motion to Dismiss, neither CDOT nor Mr. Watts have been properly served." While Plaintiffs have asserted claims against Watts in their Amended Complaint, because he is not a party, any motion to strike Watt's arguments or defenses is moot. Moreover, the undersigned has found that this federal court lacks personal jurisdiction over Watts.

Plaintiffs have also filed a Motion for More Definite Statement, Dkt. 20, arguing that pursuant to Rule 12(e), El Paso County makes a legal argument in its Motion to Dismiss "without using authority" and therefore Plaintiffs "cannot reasonably prepare a response." Specifically, Plaintiffs complain that "El Paso County makes no reference to authority when indicating without support that a section 1983 claim is necessary to vindicate constitutional rights." Dkt. 20, at 1-2. Plaintiffs rely

on *Davis v. Passman*, 442 U.S. 228 (1979), in support of their motion. In *Davis*, the Supreme Court found an implied right of action for a congressional employee against her employer, for violations of her Fifth Amendment rights. *Davis*, however, applies to federal and not state actors in finding an implied right of action for violations of an individual's constitutional rights. It is not necessary to find an implied right of action for constitutional claims against state actors because Section 1983 applies. Plaintiffs' argument is meritless and their **Motion for More Definite Statement, Dkt. 20, is DENIED**.

Plaintiffs lastly have filed "Motion to Strike # 31, Not Submitted by Ms. Irvine's Attorney of Record." Dkt. 40. This motion is apparently based on the fact that Irvine's counsel is not listed on the Court's docket sheet, as she is not listed as a party. Irvine is not listed as a party because she is not named in Plaintiffs' Amended Petition, Dkt. 14. Plaintiffs' motion, Dkt. 40, is without merit and is properly **DENIED**.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART** the following: Defendant Colorado Department of Transportation's Motion to Dismiss Plaintiffs' Complaint, Dkt. 9; Federal Highway Administration's Motion to Dismiss, Dkt. 17; Defendants El Paso and El Paso County Commissioners' Opposed Motion to Dismiss Amended Complaint or, in the Alternative for Change of Venue, Dkt. 19; Defendant City of Colorado Spring's Motion to Dismiss or, in the Alternative, to Transfer Venue, Dkt. 27; the State of Colorado and Governor's Rule 12(b)(1), (2), (3) and (6), Dkt. 32;

and **DISMISS WITHOUT PREJUDICE** Plaintiffs' URA claims and claims against the Federal Highway Administration for lack of subject matter jurisdiction, claims against the Colorado Defendants for lack of personal jurisdiction, and on the additional basis of improper venue. The undersigned **FURTHER RECOMMENDS** that any other pending motions are **DISMISSED**. Alternatively, the undersigned **RECOMMENDS** that the District Court **TRANSFER** this cause of action to the United States District Court for the District of Colorado.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 17, 2022.


DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE