IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCSICO SERNA and<br>AJHALEI SNODDY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COLORADO SPRINGS, FEDERAL<br>HIGHWAY AGENCY (FHWA), STATE OF<br>COLORADO, GOVERNOR POLIS, EL PASO<br>COUNTY LOCAL AGENCY, EL PASO<br>COUNTY BOARD MEMBERS, COLORADO<br>DEPARTMENT OF TRANSPORTATION,<br>CITY OF COLORADO SPRINGS COUNCIL<br>MEMBERS, COLORADO SPRINGS MAYOR<br>SUTHERS, EL PASO COUNTY,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:21-CV-939-DII |

## ORDER

Before the Court is a motion to reopen judgment pursuant to Rule 60 by Plaintiffs Fransisco Serna and Ajhalei Snoddy ("Plaintiffs"). (Mot., Dkt. 63). Defendant Federal Highway Agency ("FHWA") filed a response, (Dkt. 64), Defendants El Paso County, El Paso County Board Members, and El Paso County Local Agency (collectively, the "El Paso Defendants") filed a response, (Dkt. 70), and Colorado Department of Transportation, Governor Polis, and State of Colorado (collectively, the "Colorado Defendants") filed a response, (Dkt. 72).[1] Having considered the record, the parties' briefing, and the relevant law, the Court will deny the motion.

## I. BACKGROUND

Plaintiffs' claims arise from the City of Colorado Springs, Colorado's acquisition of their real property through an eminent domain proceeding in the Colorado state court case *City of Colorado*

---

[1] Also included in the "Colorado Defendants" are the City of Colorado Springs, the Colorado Springs Mayor, and the City of Colorado Springs City Council. However, those Colorado Springs Defendants did not file a response to the motion.

*Springs v. Francisco Serna, et al.*, Case No. 2017-CV-31927.[2] The City acquired the real property from

Plaintiffs for a public works project, the Westside Avenue Action Plan. The state court granted the

City immediate possession of the real property in October 2017. (Dkt. 9-3).

In a 28-page Amended Complaint, (Dkt. 14), Plaintiffs, who have since moved to Austin,

Texas, asserted that they are owed benefits under the Uniform Relocation Assistance and Real

Property Acquisition Policies Act of 1970 (URA), as amended, 42 U.S.C. § 4601, et seq. They asked

this Court to enter a declaratory judgment finding that they "were displaced 'in relation to a federal-

aid project,'" that when acquiring Plaintiffs' property, compliance with the URA was required, and

that URA "obligations include statutory negotiations [sic] procedures not performed by project

collaborators, such as the use of a review appraiser … as well as federally compliant notice of

displacement rights[.]" (Dkt. 14, at 4, 28). In addition to the declaratory judgment claim, Plaintiffs'

Amended Complaint seemed to assert a procedural due process claim against various entities based

on the alleged failure to follow URA property acquisition guidelines, including using a review

appraiser. (Dkt. 14 at 1, 4). Finally, Plaintiffs asked this Court to enjoin the pending Colorado

eminent domain proceedings. (Dkt. 14, at 22-23).

On May 17, 2022, United States Magistrate Judge Dustin Howell issued his report and

recommendations on the various Defendants' motions to dismiss. (R. &. R., Dkt. 47). The

magistrate judge recommended dismissing the URA claims for lack of subject-matter jurisdiction,

because the statute contains no private right of action. (*Id.* at 7–8). Similarly, he concluded that the

Declaratory Judgment Act did not confer a standalone basis for jurisdiction. (*Id.* at 8). He further

concluded that the claims against the FHWA were barred by sovereign immunity and that the Due

Process claim failed to state a claim under the Administrative Procedure Act ("APA") and were

therefore without subject-matter jurisdiction. (*Id.* at 10).

---

[2] The Court adopts this background from the earlier report and recommendations, (Dkt. 47).

As to the Colorado Defendants, he concluded that the Court lacked personal jurisdiction over all of the Colorado Defendants. (*Id.* at 10–13). Finally, he noted that venue was improper in this district, and that the Court could, in the alternative, transfer the action to Colorado. (*Id.* at 13–15). The Court adopted the report and recommendations on August 26, 2022, and entered final judgment that same day. (Order, Dkt. 61; Final J., Dkt. 62).

On August 24, 2023—almost one year after final judgment—Plaintiffs filed the instant motion to reopen judgment. (Mot. Relief, Dkt. 63). Their motion, filed under Rule 60(a) and Rule 60(b), argues that the Court failed "to complete a duty under the mandatory language of 28 U.S.C. § 1631," failed to construe pro se proceedings liberally, and asserts that they have uncovered new evidence related to the underlying condemnation proceedings. (*Id.* at 1–4). Each set of Defendants filed responses to the motion.

## II. STANDARD OF REVIEW

### A. Rule 60(a)

Rule 60(a) of the Federal Rules of Civil Procedure allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever on is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Dura–Wood Treating Co., Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112, 114 (5th Cir. 1992).

### B. Rule 60(b)

Rule 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

intrinsic or extrinsic), misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Such a motion must be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.2 (2005); Fed. R. Civ. P. 60(c)(1).

A Rule 60(b)(6) movant is required to show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. at 535; *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir.) (2013). A change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6). *Diaz v. Stephens*, 731 F.3d at 375-76.

### III. DISCUSSION

Plaintiffs move for relief under Rule 60(a), 60(b)(1), 60(b)(2), and 60(b)(3). (Mot. Relief, Dkt. 63, at 1). They set forth three bases for reopening judgment: (1) the district court failed to transfer the action under 28 U.S.C. § 1631, (2) Defendants are abusing this litigation by characterizing the earlier dismissal as a res judicata determination, and (3) they have uncovered new evidence. (*Id.* at 1–4). The Court will address each claim under Rule 60's subsections, ultimately concluding that the motion should be denied.

### A. Rule 60(a)

The Court first addresses the motion for relief as it falls under Rule 60(a). As the Fifth Circuit has explained,

> Rule 60(a) provides relief only where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of

4

> misidentification, but merely of recitation, of the sort that a clerk or
> amanuensis might commit, mechanical in nature. Rule 60(a) does not
> apply to a motion seeking correction of an error of substantive
> judgment or an error that affects substantial rights of the parties.

*Britt v. Whitmire*, 956 F.2d 509, 512–13 (5th Cir. 1992) (cleaned up).

Nothing in Plaintiffs' motion requests that this Court correct a clerical mistake. Instead, Plaintiffs contend that the Court should have transferred the case under 28 U.S.C. § 1631. (Mot. Relief, Dkt. 63, at 1). A decision to transfer is not a clerical error but is instead precisely the sort of substantive judgment that Rule 60(a) disallows.[3] Accordingly, because there is no request to correct a non-substantive error, the motion is denied under Rule 60(a).

### B. Rule 60(b)(1)

Plaintiffs also move for relief under Rule 60(b)(1). (Mot. Relief, Dkt. 63, at 1). Rule 60(b)(1) allows for relief due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Plaintiffs appear to argue that this Court made a mistake when it failed to conduct a transfer analysis under 28 U.S.C. § 1631 before it dismissed the case. (Mot. Relief, Dkt. 63, at 7–9). Plaintiffs never raised the question of 28 U.S.C. § 1631 in the previous proceedings. *But see Franco v. Mabe Trucking Co.,* 3 F.4th 788, 796 (5th Cir. 2021) ("[T]he provisions of § 1631 apply irrespective of the Texas district court's invoking only § 1406(a)."). Indeed, it was Defendants, not Plaintiffs, who moved to transfer in the alternative, should this Court determine it lacked jurisdiction. (Mot. Dismiss or Transfer, Dkt. 27). In opposition to transfer, Plaintiffs argued that their "choice of venue [in Texas] will best serve the 'interests of justice[.]'" (Pls.' Resp., Dkt. 50, at 20). It was not an error to dismiss the case, rather than transfer, given Plaintiffs' initial contention that the interest factors lay in Texas.

---

[3] Plaintiffs contend that the error was clerical because the Court had already conducted the interest factors for transfer. (Pls.' Reply, Dkt. 73, at 2). The magistrate judge conducted the interest factors assuming that the Court would *not* dismiss the Colorado Defendants. (R. & R., Dkt. 47, at 14–16). Having found that dismissal was warranted, the decision to dismiss or transfer (or lack thereof) was not a rote, clerical determination.

Even accepting that this Court should have conducted an interests of justice analysis under §

1631, the outcome would not have changed. It is not in the interest of justice to transfer a frivolous

or non-meritorious case. *See Dominguez-Mijares v. United States*, No. Civ. A. L-10-69, 2010 WL

2635546, at *2 (S.D. Tex. June 21, 2010) ("[T]he Fifth Circuit has indicated that it defeats the

interest of justice to transfer a meritless claim that will consume judicial time and energy.") (citing

*Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989)); *Phillips v. Seiter*,

173 F.3d 609, 610 (7th Cir. 1999) (explaining it is a "waste [of] judicial resources" to transfer "a case

that is clearly doomed"); *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (explaining that

"[f]actors considered in deciding whether a transfer is in the interest of justice include . . . whether

the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on

the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.").

There are several reasons why Plaintiffs' complaint should not have been transferred, even if

a transfer would have solved the personal jurisdiction analysis. First, Plaintiffs did not timely appeal

the dismissal of their action. They did not move for reconsideration or to amend their complaint.

The result was that all Defendants—except for the Colorado Defendants—were dismissed for lack

of subject-matter jurisdiction. (R. &. R., Dkt. 47, at 18–19). A transfer to Colorado could have cured

the personal jurisdiction analysis as to the Colorado Defendants, but it could not have fixed the lack

of subject-matter jurisdiction. It was not in the interests of justice to transfer a case without subject-

matter jurisdiction solely to cure mooted issues of personal jurisdiction.

Second, it would have been erroneous to both dismiss *and* transfer the case. As previously

explained, the Court determined that it lacked subject-matter jurisdiction over the FHWA

Defendants and the El Paso Defendants. (R. & R., Dkt. 47, at 5–10). Transfer could not have cured

these defects, so dismissal was warranted. As the Fifth Circuit has stated,

> The district court recognized it was faced with a choice whether to
> dismiss or transfer. In its order, though, the court did both. *We conclude*

> *that only one of the orders can be effective. A court's dismissal of an action results*
> *in an appealable final order, making a transfer invalid because the court no longer*
> *has authority over the matter.* Because here the court clearly agreed with
> the analysis on the personal jurisdiction issue in the Defendants'
> motion to dismiss, and because its first order was to grant that motion,
> we conclude the court validly dismissed the action. This resulted in an
> appealable final order, making the transfer invalid.

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (emphasis added).

Under *Herman*, it would have been wrong to both dismiss the action and transfer it to

Colorado. The Court possibly could have severed the Colorado Defendants, dismissed the other

Defendants, and then transferred the Colorado Defendants to the district court in Colorado. But no

party ever asked for severance, suggested it is a possibility, or raised the 28 U.S.C. § 1631 issue at all.

Because the Court dismissed the majority of Defendants for lack of subject-matter jurisdiction, it

was not erroneous or against the interests of justice to decline to transfer the case as to the

Defendants who had been dismissed for lack of subject-matter jurisdiction.

Finally, the merits of Plaintiffs' claims lacked legal merit, and had the Court reached the

question, it would have similarly determined that it lacked subject-matter jurisdiction over the

Colorado Defendants. As the Colorado Defendants argued in their motion to dismiss, the URA

does not provide a private federal right of action for monetary damages or other relief. 42 U.S.C. §

4602; *Delancey v. City of Austin*, 570 F.3d 590, 594 (5th Cir. 2009) (affirming summary judgment on

URA claims for lack of private right of action). Nor have Plaintiffs adequately explained how the

Colorado Defendants are exempt from sovereign immunity.[4] To fall under *Ex Parte Young*, the

Colorado Defendants must have some connection to the relevant state law's enforcement. *See Air*

*Evacs EMS, Inc., v. Texas, Dep't of Ins., Div. of Worker's Compensation*, 851 F.3d 507, 517 (5th Cir. 2017).

---

[4] Plaintiffs cite several Colorado state court cases for the proposition that Colorado has waived its sovereign
immunity. (Pls.' Reply, Dkt. 73, at 6 (citing *Shootman v. Department of Transp.*, 926 P. 2d 1200, 1204 (Colo.
1996))). Plaintiffs improperly conflate a state's Eleventh Amendment sovereign immunity in federal court
with waiver of immunity under their own state constitutions or laws in state court. A state may waive
immunity to be sued in its own courts without waiving immunity to be sued in *federal* court. *See Pennhurst State*
*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

No such connection is alleged. Accordingly, because Plaintiffs' complaint plainly lacked subject-matter jurisdiction, it would have been erroneous to transfer.

Beyond the merits of the Rule 60(b)(1) motion, the equitable factors do not support granting relief. Rule 60(b)(1) motions must "be made within a reasonable time[.]" Fed. R. Civ. P. 60(b)(1); *Kemp v. United States*, 596 U.S. 528, 538 (2022). Here, Plaintiffs filed their motion 363 days after final judgment. (Final J., Dkt. 62; Mot. Relief, Dkt. 63). While the motion falls within the one-year maximum limitation under Rule 60(c)(1), Plaintiffs' motion does not present sufficiently extraordinary circumstances to warrant the highly unusual relief required by Rule 60(b)(1). *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief.").

This is especially true because the motion is effectively a runaround to an appeal—the time for which has long passed. Plaintiffs argue that the Court erred by dismissing—rather than transferring—the case. (Mot. Relief, Dkt. 63). This relief could have been raised in a Rule 59 motion or it could have been appealed, but it is not proper for a Rule 60 motion. *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (noting that Rule 60(b)(1) is "not a substitute for the ordinary method of redressing judicial error[:] appeal."). Plaintiffs' effective appeal of this Court's order—one year after final judgment—should have been raised on an earlier motion to amend or on appeal, and therefore was not timely filed. *See Kemp*, 596 U.S. at 538 ("Courts of Appeals have used [timeliness determinations] to forestall abusive litigation by denying Rule 60(b)(1) motions alleging errors that should have been raised sooner (e.g., in a timely appeal).").

In sum, the Court did not err in failing to transfer a case to remedy personal jurisdiction when the complaint was also deficient for lack of subject-matter jurisdiction. Further, the 60(b) motion was untimely in light of the relief sought. For both reasons, the 60(b) motion is denied.

**C. Rule 60(b)(2)**

Rule 60(b)(2) provides that a court may relieve a party from final judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Under Rule 60(b)(2), "[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citation omitted). Plaintiffs introduce evidence relating to the Colorado condemnation proceedings, which they argue will show a violation of their constitutional rights. However, they have not satisfied either of the two criteria under *Goldstein*. They give no explanation about their diligence in uncovering new information. (Mot. Relief, Dkt. 63, at 11–15). Nor have they shown why it would have produced a different result, especially given that this Court dismissed for lack of jurisdiction irrespective of the underlying evidence.[5] No additional facts could have granted this Court subject-matter jurisdiction, and post hoc evidence about the Colorado Defendants would be neither relevant to the Court's earlier personal jurisdiction analysis nor sufficient to alter the Court's reasoning. Accordingly, the Rule 60(b)(2) motion must be denied.

**D. Rule 60(b)(3)**

Rule 60(b)(3) allows a party to seek relief for "fraud . . ., misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). Plaintiffs appear to argue that the City and County of Colorado Springs have cited this action as an affirmative defense of res judicata in related proceedings in Colorado federal court. (Mot. Relief, Dkt. 63, at 4). Characterizing this Court's order

---

[5] Some evidence could theoretically have shown that personal jurisdiction did exist in Texas. The evidence cited by Plaintiffs, (Dkt. 63-1 to 63-10), does not relate to personal jurisdiction, nor do Plaintiffs argue that the Court's personal jurisdiction analysis was incorrect.

as a final judgment on the merits for the purposes of res judicata can be readily addressed by the

Colorado court, where those Defendants have raised the argument. Such conduct—to the extent it

qualifies at all as misconduct—does not require or warrant reopening this action. Plaintiffs also seek

to introduce other misconduct, principally related to the underlying condemnation proceedings and

what Plaintiffs argue was a violation of their Due Process rights. (Mot. Relief, Dkt. 63, at 12–14).

These underlying proceedings were not misconduct by a party during the course of litigation, but are

effectively new evidence that Plaintiffs seek to introduce. As already discussed, such evidence was

not diligently uncovered. Nor would it change the Court's determination that it lacked subject-

matter jurisdiction. Accordingly, the 60(b)(3) motion must be denied.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiffs' motion for relief from judgment, (Dkt.

63), is **DENIED**.

**SIGNED** on November 9, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE